UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ERNEST COFFEY,
    Plaintiff,

vs.                                              14-1030

RANDY PFISTER, et. al.,
    Defendants.

## MERIT REVIEW ORDER

    The pro se Plaintiff, a state prisoner, filed his initial complaint pursuant to 28 U.S.C. §1983 claiming his constitutional rights were violated at Pontiac Correctional Center. [1] His complaint was dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. The court noted the Plaintiff did not clearly state where or when the alleged incidents occurred and did not state how each Defendant was involved in his claims. *See* February 18, 2014 Text Order. Furthermore, it appeared the Plaintiff might be attempting to combine unrelated claims against different defendants in the same lawsuit. *George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Plaintiff was given additional time to file an amended complaint clarifying his claims. The Plaintiff has filed his motion for leave to file an amended complaint which is granted. [5]

    The court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff's amended complaint identifies four Defendants including Warden Randy Pfister, Administrative Review Board Chairperson Terri Anderson, Clinical Services Supervisor Emily Ruskin and Illinois Department of Corrections Director Salvador Godinez. The Plaintiff says he "committed a staff assault to become transferred to seg on March 21, 2012 because the Vice Lords told me to do so or they would murder me." (Comp., p. 5). When his time in segregation was complete, the Plaintiff asked to be placed in protective custody because his "life is in danger." (Comp., p. 5). The Plaintiff says he has not been injured yet, but there is no basis for refusing his request. The Plaintiff is requesting damages and protective custody status.

    Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). However, not every injury suffered by one prisoner at the hands of another violates the Eighth Amendment. Instead, a prison official may be found liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v Brennan*, 511 U.S. 825, 837 (1994).

However, "a generalized risk of violence is not enough, for prisons are inherently dangerous places." *Wilson v Ryker*, F. Appx 588, 589 (7th Cir. 2011) *citing Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir.2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir.2004). The Plaintiff must allege some tangible threat to his safety or well-being. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir.2008); *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir.1995) (noting distinction between actual and feared exposure). Such a threat must reflect that he is subject to a substantial risk of future harm. *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir.2001); *Henderson v. Sheahan*, 196 F.3d 839, 846–847 (7th Cir.1999). A substantial risk of serious harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911.

The Plaintiff has not provided enough information in his complaint for the court to infer that he faced a specific threat. The Plaintiff states he was threatened by "Vice Lords" more than two years ago. He does not provide information about any specific threat he currently faces, nor has he stated what information he gave to the three named Defendants about any specific threat to his safety. The Plaintiff also has still not clearly stated when he was denied protective custody status. The only clear date listed on his complaint is January 23, 2014, one day before he filed this lawsuit. The Plaintiff is admonished that he must be able to demonstrate he exhausted his administrative remedies BEFORE he filed this lawsuit. In other words, he appealed the denial to the Administrative Review Board and received the board's response before filing his complaint.

In addition, "[d]amages for a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence, or fear of an unrealized attack." *Anderson v. Godinez*, 2013 WL 6729742 at 2 (S.D. Ill. Dec. 20, 2013)(*internal citations omitted*) "If an official has enough information to know a specific threat exists as to a particular inmate (or an identifiable group of inmates with plaintiff's characteristics), injunctive relief is a proper remedy if that official ignores the threat." *Id citing Guzman v. Sheahan*, 495 F.3d 852, 857–58 (7th Cir.2007); *Walsh v. Mellas*, 837 F.2d 789, 797 (7th Cir.1988). Therefore, the Plaintiff will not be able to obtain damages based on his claim that he was denied protective custody status.

The Plaintiff says the Defendants have retaliated against him, but he has failed to articulate a claim. To prevail on this claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir.2009). The Plaintiff has failed to allege any First Amendment activity that sparked the alleged retaliation. For instance, if the Plaintiff believes he was denied protective custody because of his previous staff assault, the assault is clearly not a protected activity. The Plaintiff's amended complaint is therefore dismissed for failure to state a claim upon which relief can be granted

[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, the Plaintiff is cautioned "these general principles

2

have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) Leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard*, 658 F.3d at 801 (7th Cir. 2011) (dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

The Plaintiff doesn't articulate a claim for injunctive relief. He fails to specifically identify when he asked for protective custody status and who he asked; what specific threat to his safety did the Plaintiff report; when and who denied his request and if Plaintiff appealed the decision to the ARB, when did he appeal? As such he has failed to provide information which clearly states a violation of his constitutional rights. The Plaintiff will be allowed 21 days to file an Amended Complaint if he chooses to clarify his claim.

The clerk of the court will be directed to provide the Plaintiff with a blank complaint form to assist him. The Plaintiff is admonished this is his FINAL opportunity to amend his complaint. He must follow the directions of the court or his case will be dismissed with prejudice. *See Wilson v. Bruce*, 2010 WL 4467866 at 2 (7th Cir. Nov. 9, 2010)("whatever benefits (the plaintiff) may seek as a *pro se* litigant, they do not include license to disregard the court's orders.").

IT IS THEREFORE ORDERED that;

1) The Plaintiff's first motion to amend his complaint is granted. [5] Based on a review of the amended complaint pursuant to 28 U.S.C. §1915A, the court finds the amended complaint fails to state a claim upon which relief can be granted and is therefore dismissed.

2) The court will allow the Plaintiff one FINAL opportunity to amend his complaint. The Plaintiff must file his second amended complaint in compliance with this court order on or before August 4, 2015.

3) The clerk of the court is to set an internal merit review deadline on August 22, 2014.

Entered this 14th day of July, 2014.


s/ James E. Shadid
---
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE